[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PERMANENT INJUNCTION AND DAMAGES
CT Page 9368
The plaintiff, Connecticut Commissioner of Environmental Protection (CEP), brings this action seeking an injunction and civil penalties. All defendants have been defaulted.
The facts alleged in the complaint are found true by virtue of the defaults. Those facts are sufficient to prove violations of Chapters 455 and 446k of the Connecticut General Statutes.
The plaintiff has estimated costs for the preparation and closure of the defendants' property to be in the amount of $115,340 which the court finds reasonable. The defendant offered not acceptable evidence of those costs.
The plaintiff is entitled to civil penalties of $757,200. Because of the seriousness of many of the violations and the time for which they prevailed the court on its own would have been higher.
In regard to all of the defendants' gain or loss from the violations the defendants have not sustained their burdens of proof.
The court orders that the following injunction shall be issued and that all defendants are liable for the compliance with the injunction:
 CLOSURE — The defendants shall decontaminate all equipment from the tube mill, including, but not limited to, alkaline cleaning and chromate tanks, the baghouse dust collector, acrylic lacquer coating equipment, the evaporator system, pipes and pumps, and shall close all hazardous waste tanks associated with the former tube mill in accordance with the requirements of RCSA Sections 22a-449 (c)-102(a) (1), incorporating by reference 40 C.F.R. § 262.34
(a)(1), 265.111 and 265.114.
 a. Within fifteen days of entry of this Judgment, the defendants shall submit for the Commissioner's review and written approval a plan for decontaminating the tube mill equipment and closing the associated hazardous waste tanks. This plan shall describe how all closure activities will be performed in accordance with the DEP's draft RCRA generator closure guidance. The plan shall include but not be limited to: identification of constituents of concern, including CT Page 9369 the rationale for the constituents selected; a description of proposed sampling, including sample types, locations and parameters to be analyzed; a description of structures, equipment and/or concrete, etc.) to verify that decontamination of the equipment and closure of the tanks is complete; a proposed schedule for all major milestones, including but not limited to sampling, implementation of decontamination and/or other remedial actions, implementation of verification measures; submission of a final report. The defendants shall perform all decontamination and closure activities in accordance with the plan approved in writing by the Commissioner, including any schedule contained herein.
 b. In order to ensure that closure will be completed in accordance with the regulations, the defendants are ordered to comply with the Financial requirements of Subpart H of RCRA including 40 C.F.R. § 265.142, 165.143, 265.144 and 265.145.
 i. Within fifteen days of entry of this Judgment the defendants shall submit a cost estimate for closure in compliance with 40 C.F.R. § 265.142.
 ii. Within thirty days of entry of this Judgment the defendants shall provide financial assurance for closure in accordance with 40 C.F.R. § 265.143.
 iii. Within thirty days of entry of this Judgment the defendant shall submit a cost estimate for post-closure care in compliance with 40 C.F.R. § 265.144.
 iv. Within forty-five days of entry of this Judgment the defendants shall provide financial assurance for post-closure in accordance with 40 C.F.R. § 265.145.
The court has taken into consideration the number of violations, the time periods over which each existed, the seriousness of each violation and the overall appearance of defendants' financial conditions.
BY THE COURT CT Page 9370 _____________________ Norris L. O'Neill, J.